UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Christopher Odom, | ) C/A No. 3:10-1818-JFA-JRM |
|---|---|
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| City of Charleston, etc. al, and Matthew J. Friedman, | ) |
| Defendants. | ) |

  This is a civil action filed *pro se*. Plaintiff has filed an Application to Proceed *In Forma Pauperis* in this case. The case is presently before the undersigned magistrate judge for report and recommendation following pre-service review. Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § 1915(e)(2)(B); *In Re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997)(pleadings by non-prisoners should also be screened).

  The *pro se* Plaintiff claims that Defendants, City of Charleston and Matthew J. Friedman, violated many of his federal constitutional rights, but he does not really say how, when, or where that happened. He states that he and his attorney were denied the right to be present at arraignment and bond hearing proceedings and that he was deprived of a right to a jury trial, but he does not say when or where these alleged violations occurred nor does he allege which Defendant did what in connection with the asserted violations. He says that Defendants' actions constituted "cruel and unusual punishment" that placed him "into 'slavery.'" He does not say which Defendant did what or how what they did made him a slave.

  Plaintiff's Complaint contains allegations about a person and a business with whom/which he claims a "conflict of interest"; however, he does not name them as defendants in this case. It is not clear whether he intends to these conflicts of interest to be considered in connection with the claims he makes against the actual

Defendants, but he says that he has a conflict of interest with a law firm in Charleston undisclosed reasons and with the Clerk of Court for Charleston County for allegedly wrongful actions in connection with sending receipts and filing documents in a civil case and a post-conviction relief (PCR) case. As relief, Plaintiff seeks $ 500,000.00 in damages from the City of Charleston and Matthew J. Friedman arising from "deliberate indifference on the Defendants repetitive actions toward Plaintiff basic U.S. Constitutional Amendment(s) Rights." Compl. 5.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint filed by Plaintiff in this case. The review was conducted pursuant to 28 U.S.C. § 1915 (as amended), and other provisions in the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* complaints liberally. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller*

*v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).[1] Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Complaint submitted by Plaintiff to open this case is subject to summary dismissal because it is in violation of the directive in Federal Rule of Civil Procedure 8(a) that pleadings shall contain "short and plain statement[s}" of the basis for the court's jurisdiction and of the basis for Plaintiff's claims against Defendants. As stated above, Plaintiff fails to provide the Court with any factual background for the claims he attempts to raise in this case. Although he has named two Defendants and broadly claims that they violated many of his constitutional rights and made him a slave, he does not state what, exactly, each Defendant did or what actions they took that resulted in the alleged constitutional violations. Although he claims that he and his lawyer were kept out of court for certain proceedings, Plaintiff does not provide any kind of factual information about when, where, or how these supposed actions took place. As a result, it is impossible to determine which, if any, allegations of wrongdoing are made with respect to each Defendant. Also, the fact that he might have some "conflict of interest" with a law firm or person who was not made a formal party to the case does nothing to support the bald, conclusory claims of constitutional violations against the actual Defendants: City of Charleston and Matthew J. Friedman, who appears to be an Assistant Attorney General who might or might not have been representing the state in some undisclosed criminal matter against Plaintiff at some time in the past. *See* http://www.scattorneygeneral.org/inside/pdf/14th.pdf (documents on the official South Carolina Attorney General's internet website show Friedman as a "attorney representing state" in PCR cases in April 2010).

---

[1]The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

While the "liberal pleading requirements" of Rule 8(a) only require a "short and plain"statement of the claim, the plaintiff must "offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted). It is true that we are bound to liberally construe Plaintiff's *pro se* Complaint, but Plaintiff must do more than make mere conclusory statements to support his claim. *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *see Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994)(affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989)(same, where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). It is well settled that federal courts performing their duties of construing *pro se* pleadings are not required to be "mind readers" or "advocates" for *pro se* litigants. *See Beaudett v. City of Hampton*, 775 F.2d at 1278; *Gordon v. Leeke*, 574 F.2d at 1151. Due to the lack of factual allegations of specific wrongdoing attributable to specific Defendants, the Complaint is both frivolous and fails to state a claim on which relief may be granted. *See Cochran v. Morris*, 73 F.2d 1310 (4th Cir. 1996)(statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Social Servs.*, 901 F.2d at 389 (dismissal proper where there were no allegations against defendants); *see also Inmates v. Owens*, 561 F.2d 560, 562-63 (4th Cir. 1977)(dismissing a *pro se* complaint for improper pleading); *Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981).

Moreover, even if Plaintiff had pled sufficient facts to permit us to liberally construe a potential claim against either Defendant for damages pursuant to 42 U.S.C. § 1983,[2] to the extent that such claim is based on

---

[2]Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of section 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added). Generally, claims about constitutional violations in connection

4

allegations about Plaintiff and his attorney being precluded from attending certain criminal proceedings in a case that resulted in a criminal conviction against Plaintiff that has never been overturned or found legally invalid, Plaintiff's Complaint would be subject to summary dismissal based on the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1997). With respect to actions filed pursuant to 42 U.S.C. § 1983 such as the present one alleging constitutional violations and/or other improprieties in connection with state criminal charges,[3] the Court stated:

> We hold that, in order to recover damages [or other relief][4] for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87.

By the above statements, the United States Supreme Court ruled that until a criminal conviction is

---

with criminal prosecutions fall within the coverage of § 1983.

[3] It appears from this Court's records that Plaintiff filed an unsuccessful petition for writ of habeas corpus in May 1999, while he was incarcerated at MacDougall Correctional Institution. The records do not disclose the nature of the criminal conviction that was being challenged in that petition, but they do disclose that the conviction was not overturned or found invalid in that case. *Odom v. South Carolina*, Civil Action No. 3:99-1616-PMD. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)(a federal court may take judicial notice of the contents of its own records).

[4]*See Johnson v. Freeburn*, 29 Fed. Supp. 2d 764, 772 (S.D. Mich. 1998)(under *Heck v. Humphrey*, nature of relief sought is not critical question; rather, it is the grounds for relief); *see also Clemente v. Allen*, 120 F.3d 703 (7th Cir. 1997)(injunctive relief sought).

5

set aside by way of appeal, PCR, habeas, or otherwise, any civil rights action based on the conviction and related matters will be barred if the claims made, if true, would render the conviction invalid.

The allegations made by Plaintiff that he and his legal counsel were refused the right to appear at certain proceedings in a criminal case are arguably the type of claims that could, if true, invalidate any conviction ultimately obtained in a criminal action, thus they are barred by *Heck*. Since Plaintiff has not been successful in having the conviction that was the subject of Civil Action No. 3:99-1616-PMD set aside, and because Plaintiff's allegations, if true, would necessarily invalidate his conviction, he cannot sue either of the Defendants based on their involvement in his prosecution and ultimate conviction. As a result, even if the Complaint were sufficient to pass Rule 8 muster, which it is not, this case would still be subject to summary dismissal as to all Defendants without issuance of service of process as to both Defendants.

Furthermore, the City of Charleston cannot be held responsible for actions taken by any of the courts that sit within the city. In South Carolina, a county's and/or city's authority over courts within its boundaries was abolished when Article V of the Constitution of the State of South Carolina was ratified in 1973. *See* Act No. 58, 1973 S.C. Acts 161; Article V, Section 1 of the Constitution of the State of South Carolina; *see also State ex rel. McLeod v. Civil and Criminal Court of Horry County*, 265 S.C. 114, 217 S.E.2d 23, 24 (1975). Under the current version of Article V, Section 1, the Supreme Court of South Carolina, not Charleston County or the City of Charleston, retains the *sole* authority to supervise the various levels of courts in Charleston County. *See Spartanburg County Dept. of Soc. Servs. v. Padgett*, 370 S.E.2d 872, 875-76 (S.C. 1988). By virtue of Article V, neither the City of Charleston nor Charleston County exercises administrative or supervisory authority over municipal courts, magistrates' courts, or courts of the State of South Carolina located within the geographical boundaries of Charleston County. Article V, § 1 of the South Carolina Constitution mandates a unified judicial system. Section 4 of the Judicial Article

6

designates the Chief Justice of this Court as the administrative head of the unified judicial system and directs that this Court make rules governing the administration of all courts in this state. Further, the South Carolina Code of Laws provides that the Supreme Court shall promulgate rules governing practice and procedure in all courts subject to the statutory law. Consequently, to the extent that Plaintiff complains about proceedings that took place in one of the courts within the city, Defendant City of Charleston should be dismissed from this civil rights action because it was not responsible for the alleged violations of the Plaintiff's rights during the relevant times at issue in this case.

Additionally, to the extent the it seeks damages from Defendant Friedman based on something he did or action he took in connection with his legal representation of the State of South Carolina against Plaintiff in some case or proceeding, Plaintiff's Complaint is barred by the well-established legal doctrine of prosecutorial immunity. In South Carolina, an Assistant Attorney General represents the state in a variety of circumstances, include post-conviction relief (PCR) actions involving criminal convictions. In connection with any criminal or PCR action, an Assistant Attorney General would be considered the prosecutor. Prosecutors have absolute immunity for their prosecution-related activities in or connected with judicial proceedings. Such protected activities include, but are not limited to, prosecutorial actions and decisions related to the prosecutor's participation in a criminal trial, bond hearings, grand jury proceedings, pre-trial motions hearings, and ancillary civil proceedings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Hart v. Jefferson County*, 1995 WL 399619 (D. Ore., June 15, 1995)(allegations by plaintiff of malicious motives on part of two prosecutors insufficient to overcome prosecutorial immunity). Of particular importance in this case is the fact that it is well settled in this Circuit that prosecutors are absolutely immune from liability for damages based on their decisions about "whether and when to prosecute," *Lyles v. Sparks*, 79 F. 3d 372, 377(4th Cir. 1996), and whether or not to go forward with a prosecution. *See Springmen v. Williams*, 122 F. 3d 211, 212-13 (4th Cir. 1997). It is established that prosecutorial immunity will extend to

7

the direct appeal and the post-conviction case. *See Bruce v. Wade*, 537 F.2d 850, 852 (5th Cir.1976) (attorney representing a government in a habeas corpus or post-conviction case has absolute prosecutorial immunity); *see also Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir.1979)(prosecutorial immunity extends to appeals). Although the Complaint allegations are so sparse that it is really impossible to determine exactly what activities or actions of Defendant Friedman's that Plaintiff claims violated his rights, to the extent that the allegations can be liberally construed as asserting that he and his lawyer were no informed of certain proceedings or affirmatively prevented from attending by Friedman, such actions and activities appear to have been intimately associated with Friedman's prosecutorial functions and, as such, they are absolutely immune from Plaintiff's claims. *Springmen*; *Lyles*.

Finally, if the allegations in Plaintiff's Complaint were sufficient to liberally construe some kind of claim for damages against the Charleston County Clerk of Court, with whom Plaintiff claims he has conflicts of interest, such claim would be barred by the doctrine of quasi-judicial immunity. County Clerks of Court, though elected by the voters of a County, are also part of the State of South Carolina's unified judicial system. *See* S.C. Const. Article V, § 24; § 14-1-40, South Carolina Code of Laws (as amended); § 14-17-10, South Carolina Code of Laws (as amended). The Clerk of Court for Charleston County would have quasi-judicial immunity because Plaintiff's allegations show that the problems he has with her deal with the manner in which she performed some of her judicially related functions. By accepting or rejecting certain filings and/or providing or not providing receipts for payments in connection with court cases, the Clerk of Court was following rules of a court, or was acting pursuant to authority delegated by a court to Clerk's Office personnel. These kinds of activities are precisely of the type that quasi-judicial immunity cover. *See Cook v. Smith*, 812 F. Supp. 561, 562 (E.D. Pa. 1993); *Mourat v. Common Pleas Court of Lehigh County*, 515 F. Supp. 1074, 1076 (E.D. Pa. 1981). In *Mourat v. Common Pleas Court of Lehigh County*, the district court, in a bench ruling, rejected claims similar to those raised by the *pro se* plaintiff in the case *sub judice*:

> The clerk, Joseph Joseph, is also immune from suit. In the "recognized immunity enjoyed by judicial and quasi-judicial officers, including prothonataries, there exists an equally well-grounded principle that any public official acting pursuant to court order is also immune." We have here quoted from *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969)[, *cert. denied*, 396 U.S. 941 (1969)]. If he failed to act in accordance with the judicial mandate or court rule, he would place himself in contempt of court. See *Zimmerman v. Spears*, 428 F. Supp. 759, 752 (W.D.Tex.), *aff'd*, 565 F.2d 310 (5th Cir. 1977); *Davis v. Quarter Sessions Court*, 361 F. Supp. 720, 722 (E.D.Pa.1973); *Ginsburg v. Stern*, 125 F. Supp. 596 (W.D. Pa.1954), *aff'd per curiam on other grounds*, 225 F.2d 245 (3d Cir. 1955) sitting en banc.

515 F. Supp. at 1076; *see also Dieu v. Norton*, 411 F.2d 761, 763 (7th Cir. 1969)("Defendants Circuit Judge Cotton, court reporter Tellschow and circuit court clerk Block were all acting in the discharge of their official responsibilities[;] [a]s such they were protected by the traditional doctrine of judicial immunity, as this rule of law was not abolished by § 1983, *supra*."). The doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel such as Defendant because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'" *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992)(quoting *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir. 1989)); *see also Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980)(collecting cases on immunity of court support personnel).

With respect to the broad conflict-of-interest-allegation regarding the law firm in Charleston, it is not clear what the underlying reasons for these allegations are; however, in absence of allegations showing that the law firm was acting under color of state law in connection with its dealings with Plaintiff, no viable claim is stated under § 1983 (or any other federal statute). In order to state a claim for damages under § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monroe v. Page*, 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). Even if the law firm or one of its members represented Plaintiff as a court-appointed public defender, neither the firm or its

9

individual member acted under color of state law in connection with such legal representation of Plaintiff. An attorney, whether retained, court-appointed, *or a public defender*, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976)(private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980)(court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-24 (1981)(public defender); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982)("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed."). Of course, given the clearly insufficient factual allegations we are provided in the Complaint, this Court can only speculate that Plaintiff's assertions of a conflict of interest with the Charleston law firm are based on some sort of court-appointed counsel situation. As stated previously, the Complaint is simply too conclusory and lacking in factual detail to permit it to go forward, even giving the allegations that are there the most liberal construction possible.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). Plaintiff's attention is directed to the important notice on the next page.

August 5, 2010  
Columbia, South Carolina

Joseph R. McCrorey  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).